UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JUSTIN NELSON,

    Plaintiff,

v.                                                      Case No:

RHYNO CONSTRUCTION, INC.,

    Defendant.
_____/

**COMPLAINT FOR DISCRIMINATION, RETALIATION, HOSTILE WORK ENVIRONMENT AND VIOLATION PURSUANT TO THE AMERICANS WITH DISABILITIES ACT OF 1990,**

Plaintiff, Justin Nelson, by and through the undersigned attorneys, filed this Complaint against Rhyno Construction Inc., and states as follows:

**PARTIES**

1. Plaintiff, Justin Nelson, is a resident of Marion County, Florida, and was an employee of Rhyno Construction Inc., from August 2021 until his termination on March 9, 2023.

2. At all times pertinent, Plaintiff's employer, pursuant to the Americans with Disabilities Act of 1990, was Rhyno Construction, Inc.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction in this action pursuant to 28 U.S.C. Sections 1331 and 1343, and 42 U.S.C. Section 2000e-5, inasmuch as the matter in controversy is brought pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to 12117.  This District possesses venue of this matter pursuant to 42 U.S.C. Section 2000e-5(f). The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights guaranteed by federal law, which rights provide for injunctive relief and other relief for illegal employment discrimination. The Plaintiff has lived in Marion County, Florida at all times relevant to this suit. The amount in controversy in this action exceeds the jurisdictional limits of this Court.

## GENERAL FACTUAL ALLEGATIONS

4. Plaintiff realleges paragraphs 1 through 3 as if set forth herein.

5. Plaintiff has exhausted all his administrative remedies.

6. Plaintiff had to retain the undersigned attorneys to represent him and has agreed to pay reasonable attorney's fees and costs.

7. Plaintiff demands trial by jury on all counts so triable.

8. Plaintiff suffered a disabling accident on November 5, 2022.

9. Plaintiff is disabled under the definition provided in the Americans with Disabilities Act of 1990.

# COUNT I
# RETALIATION

10. Plaintiff realleges paragraphs 1 through 9 as if set forth herein.

11. On or about November 5, 2022, Plaintiff was injured in a car accident.

12. Plaintiff suffered a disabling injury as a result of the accident.

13. Plaintiff requested a reasonable accommodation from his employer due to his disabling injury.

14. After Plaintiff requested a reasonable accommodation, Defendant's agent began retaliating against Plaintiff.

15. Defendant's agent threw items at Plaintiff when Plaintiff requested accommodations.

16. Defendant's agent called Plaintiff derogatory names for having a disabling injury.

17. On or about March 9, 2023, Plaintiff was retaliated against for his disability when he was terminated from his position.

# COUNT II
# HOSTILE WORK ENVIRONMENT

18. Plaintiff realleges paragraphs 1 through 9 as if set forth herein.

19. The following elements based on *Palmer v. McDonald*, (11th Cir. 14-15546, judgment 08/21/2015) (Unpublished Opinion).

20. Plaintiff belongs to a protected group.

    a. Disabled person

21. On or about November 5, 2022, Plaintiff was injured in a car accident.

22. Plaintiff suffered a disabling injury as a result of the accident.

23. Plaintiff requested a reasonable accommodation from his employer due to his disabling injury.

24. After Plaintiff requested a reasonable accommodation, Defendant's agent began retaliating against Plaintiff.

25. Defendant's agent threw items at Plaintiff when Plaintiff requested accommodations.

26. Defendant's agent called Plaintiff derogatory names for having a disabling injury.

27. Plaintiff was harassed due to his membership in the protected class when he was subjected to derogatory comments, having items in the workplace thrown at him and when he was terminated from his position.

28. Plaintiff's work environment was both subjectively and objectively hostile as his work performance had always been exemplary until the harassment began.

29. Defendant is responsible for the hostile work environment that Plaintiff has suffered due to Defendant's knowledge and/or acceptance of the actions taken by its officers and employees.

30. The harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment as the harassment took place with regular consistency, the harassment involved numerous activities that could humiliate Plaintiff and it regularly inhibited Plaintiff from being able to complete his job duties.

31. The employer is responsible for such environment under either a theory of vicarious or of direct liability.

## COUNT IV
## AMERICAN WITH DISABILITIES ACT RETALIATORY CLAIM

32. Plaintiff realleges paragraphs 1 through 9 as if set forth herein.

33. Plaintiff has a disability.

34. Plaintiff requested a reasonable accommodation for his disability in good faith and a reasonable belief that he was entitled to the accommodation.

35. Plaintiff's reasonable accommodation was denied for no reason.

36. Plaintiff suffered a materially adverse employment action when he was terminated from his position.

37. Plaintiff's reasonable accommodation was denied because his employer was discriminating against him for his disability.
38. Plaintiff suffered a materially adverse employment action when he was terminated.

**WHEREFORE**, Plaintiff, Justin Nelson, demands judgment against the Defendant, in an amount that will compensate him for:

a. Violation of his rights under Title VII of the Civil Rights Act of 1964;
b. Compensatory damages including lost wages, past and future and/or impairment of power to earn money; physical pain, emotional distress and humiliation, past and future; and past and future medical expenses;
c. Punitive damages to punish the Defendant for its willful, wanton, oppressive, malicious, and/or grossly negligent conduct;
d. Trial by jury on all issues so triable;
e. Costs expended herein, including reasonable attorneys' fees;
f. Pre-judgment and post-judgment interest; and,
g. Any and all other relief to which he may be entitled.

Respectfully submitted,

KURTZ LAW OFFICES, LLC

<u>/s/ Serena M. Kurtz</u>
Florida Bar No. 88683
200 E Robinson St Ste 1120-B25
Orlando, FL 32801-1945
Tel. (407) 987-4529
E-mail: Serena@ GetKurtz.com
Alt. E-mail: Patrick@ GetKurtz.com
Attorney for Plaintiff