UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JUSTIN NELSON,

      Plaintiff,

v.                                    Case No.: 5:23-cv-00595-JSM-PRL

RHYNO CONSTRUCTION, INC.,

      Defendant.
_____/

## DEFENDANT'S MOTION TO COMPEL AMENDED INITIAL DISCLOSURES AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION

Defendant, RHYNO CONSTRUCTION, INC. ("Defendant"), by and through undersigned counsel, and in accordance with Federal Rule of Civil Procedure 37 and Local Rule 3.01(a), moves for an order compelling Plaintiff, JUSTIN NELSON ("Plaintiff"), to serve initial disclosures in compliance with Rule 26(a)(1)(A), as well as full and complete responses to Defendant's First Set of Interrogatories and First Request for Production. The factual and legal grounds for this Motion are set forth in the following memorandum of law.

### BACKGROUND

On October 3, 2023, Plaintiff filed his Complaint, alleging claims based on discrimination, a hostile work environment, and retaliation under the Americans with Disabilities Act ("ADA"). (Dkt. No. 1). Following conferral on grounds for a motion to dismiss, Plaintiff filed an Amended Complaint on March 15, 2024. (Dkt. No. 18).

The Amended Complaint contains a few additional factual allegations, but otherwise asserts the same claims against Defendant as those contained in Plaintiff's original Complaint. (See Dkt. No. 1; Dkt. No. 18 ¶¶ 10-38). In response, Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim.

On April 8, 2024, the parties filed a Uniform Case Management Report, in which they agreed on an April 22, 2024, deadline to serve initial disclosures pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure ("Rule 26(a)(1)(A)"). (Dkt. No. 22 at 1). Plaintiff did not serve initial disclosures by that deadline or request an extension of time. As a result, counsel for Defendant followed up by e-mail with Plaintiff's counsel by e-mail regarding Plaintiff's initial disclosures on April 29, 2024, May 7, 2024, and May 10, 2024. Plaintiff ultimately served his initial disclosures on May 13, 2024. (Ex. A). Those initial disclosures, however, do not comply with Rule 26(a)(1)(A)(i) or Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure ("Rule 26(a)(1)(A)(i)" and "Rule 26(a)(1)(A)(iii)"). Specifically, Plaintiff lists "Justin Nelson's treating physicians" without identifying those physicians by name or providing any contact information for them. (Id. at 1). Additionally, Plaintiff's computation of damages is limited to the following: "Plaintiff's damages include pain and suffering, lost wages and lost incidentals. A firm number has not been determined." (Id. at 2).

Given the lack of any definite information regarding Plaintiff's "treating physicians" or a computation of damages, Defendant's counsel followed up by e-mail with Plaintiff's counsel on May 13, 2024, and May 20, 2024. (Ex. B). Plaintiff's

counsel ultimately responded with her availability for a telephone call to confer on May 22, 2024, and the parties' respective counsel discussed on May 23, 2024. On that call, Plaintiff's counsel stated that she did not have information from Plaintiff necessary to amend Plaintiff's initial disclosures, but would get that information and serve amended initial disclosures by the end of the following week. As of the date of this filing, Plaintiff has still not served amended initial disclosures in compliance with Rule 26(a)(1)(A).

On April 24, 2024, Defendant served on Plaintiff its First Set of Interrogatories and First Request for Production. (Exs. C & D). Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure ("Rule 33" and "Rule 34"), Plaintiff's responses to those discovery requests were due on May 24, 2024. Plaintiff did not serve those responses, however, or request an extension of time to do so. Based on that failure, as well as Plaintiff's continued failure to serve amended initial disclosures, Defendant's counsel followed up by e-mail with Plaintiff's counsel on May 28, 2024, May 30, 2024, June 3, 2024, and June 5, 2024. (Ex. E). Plaintiff's counsel declined to respond to any of those e-mails. In an attempt to confer in good faith on Plaintiff's failure to respond to discovery requests, Defendant's counsel called Plaintiff's counsel on June 5, 2024, to determine when Plaintiff would serve full and complete responses to Defendant's First Set of Interrogatories and First Request for Production, as well as amended initial disclosures. Plaintiff's counsel stated that she had not served responses to those discovery requests because Plaintiff had not provided her with the information

necessary to draft those responses. For the same reason, Plaintiff's counsel stated that she could not provide a date by which Plaintiff would serve responses to Defendant's discovery requests or amended initial disclosures in compliance with the Federal Rules of Civil Procedure.

## LEGAL ANALYSIS

### I. Legal Standard

Pursuant to Rule 26(b) of Federal Rules of Civil Procedure, the parties "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). A party may move to compel when another party: (1) "fails to make a disclosure required by Rule 26(a)[;]" or (2) fails to answer an interrogatory under Rule 33 or produce documents under Rule 34. Fed. R. Civ. P. 37(a)(3). Rule 37(a)(4) provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4). Plaintiff, as the party resisting the production of information and documents, bears the burden of justifying his failure to produce. See Gober v. City of Leesburg, 197 F.R.D. 519, 521 (M.D. Fla. 2000); see also Henderson v. Holiday CVS, L.L.C., 269 F.R.D. 682, 686 (S.D. Fla. 2010).

### II. Plaintiff Should Be Compelled to Serve Amended Initial Disclosures

The portions of Plaintiff's initial disclosures referenced above are plainly deficient. Pursuant to Rule 26(a)(1)(i), Plaintiff is required to identify each individual likely to have discoverable information that he may use to support his claims by name,

as well as include such an individual's address and telephone number. Fed. R. Civ. P. 26(a)(1)(i). Plaintiff cannot simply list a general category of his "treating physicians" without any specific identification or contact information. Additionally, Plaintiff has failed to provide a proper "computation of each category of damages claimed" by Plaintiff and make available the documents or other evidentiary material on which his computation is based pursuant to Rule 26(a)(1)(A)(iii). Fed. R. Civ. P. 26(a)(1)(A)(iii). Stating that "a firm number has not been determined" does not suffice. Indeed, Rule 26(a)(1)(E) of the Federal Rules of Civil Procedure states that "[a] party must make its initial disclosures based on the information then reasonably available to it [and a] party is not excused from making its disclosures because it has not fully investigated the case . . . ." Fed. R. Civ. P. 26(a)(1)(E). Courts in this district have routinely required compliance with this rule, even when based on estimates. See Xiong v. United States, Case No: 6:22-cv-1957-RBD-LHP, 2023 WL 5672256, at *1 (M.D. Fla. Sep. 1, 2023) ("'Plaintiff is obligated to comply with Rule 26, and compute it as it stands now, bearing in a mind that a party is under a duty to supplement its response, as appropriate.'") (quoting Oliver v. City of Orlando, No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227, at *3 (M.D. Fla. Oct. 31, 2007)); see also MS Health, Inc. v. Catholic Charities, Case No. 8:20-cv-2118-VMC-AAS, 2021 WL 1338836, at *2 (M.D. Fla. April 9, 2021). Accordingly, the Court should compel Plaintiff to serve amended initial disclosures and documents supporting his computation of damages.

### III. Plaintiff Should Be Compelled to Serve Full and Complete Responses to Defendant's First Set of Interrogatories and First Request for Production, as well as Produce All Responsive Documents.

Rule 33 requires a party to respond or object to interrogatories "within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). Rule 34 provides that a party must respond in writing to requests for production within the same timeframe. Fed. R. Civ. P. 34(b)(2)(A). Rule 34 also provides that a party must state in its written response to requests for production that it will either allow inspection of responsive documents or produce those documents. Fed. R. Civ. P. 34(b)(2)(B). If producing documents, "[t]he production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." Id. Plaintiff has failed entirely to respond or object to Defendant's First Set of Interrogatories and First Request for Production. Plaintiff has also not produced any documents responsive to Defendant's First Request for Production. Moreover, Plaintiff did not request an extension of time to serve responses, objections, or responsive documents. Plaintiff's counsel's only excuse for this failure is that Plaintiff did not provide her with the necessary information to respond. In light of these circumstances, Plaintiff has waived any and all objections to Defendant's First Set of Interrogatories and First Request for Production and should be compelled to provide full and complete responses to those discovery requests, as well as produce all responsive documents. See Pimentel v. Strength20, LLC, Case No. 2:23-cv-544-JLB-KCD, 2023 WL 8079701, at *1 (M.D. Fla. Nov. 21, 2023) (citing Siddiq v. Saudi

Arabian Airlines Corp., No. 6:11-cv-69-Orl-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011); see also Middle District Discovery (2021) at Section III.A.6., IV.B.1 ("Absent compelling circumstances, failure to [timely] assert [objections to interrogatories or requests for production] constitutes a waiver and will preclude a party from asserting the objection in a response to a motion to compel.").

### IV. Plaintiff Should Be Ordered to Pay Defendant's Reasonable Attorney's Fees and Costs Incurred in Filing This Motion.

If the Court grants a motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The only exceptions to this rule are if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

As set forth above, Defendant submits that Plaintiff has failed to serve initial disclosures that comply with Rules 26(a)(1)(A)(i) or 26(a)(1)(A)(iii) and has failed to serve responses, objections, or responsive documents requested in Defendant's First Set of Interrogatories and First Request for Production in compliance with Rules 33 and 34. See Fed. R. Civ. P. 26(a)(1)(A)(i)-(iii), 33(b)(2), 34(b)(2)(A)-(B). Defendant conferred in good faith pursuant to Local Rule 3.01(g) and Rule 37(a)(1) of the Federal

Rules of Civil Procedure. Plaintiff's counsel's only justification for these failures is that Plaintiff has not provided her with information. That excuse is no justification for Plaintiff's failure to respond to discovery, let alone a substantial justification that would excuse payment of expenses incurred in filing this Motion pursuant to Rule 37(a)(5)(A)(ii). Defendant further submits that no other circumstances exist that would make an award of expenses unjust. Accordingly, the Court should award Defendant's reasonable attorneys' fees and costs under Rule 37. See Pimentel, 2023 WL 8079701, at *1.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g) and Federal Rule of Civil Procedure 37(a)(1), counsel for Defendant certifies that he has conferred in good faith with counsel for Plaintiff in an attempt to resolve this discovery dispute without the need for judicial intervention. Specifically, counsel for Defendant certifies that he has conferred with counsel for Plaintiff through numerous e-mails and two telephone calls. Despite that conferral, the parties have been unable to agree on resolution of the disputes outlined in this Motion and Plaintiff opposes the relief requested herein.

## CONCLUSION

WHEREFORE, Defendant respectfully requests that this Court enter an order compelling Plaintiff to serve: (1) amended initial disclosures pursuant to Rule 26(a)(1)(A), as well as documents supporting his computation of damages; (2) full and complete responses to Defendant's First Set of Interrogatories and First Request for

Production; and (3) all documents responsive to Defendant's First Request for Production. Defendant also requests that the Court award its reasonable attorney's fees and costs incurred in filing this Motion, as well as grant such other relief the Court deems appropriate.

Dated this 11th day of June, 2024.

Respectfully submitted,

*/s/ Benjamin W. Bard*
BENJAMIN W. BARD
Florida Bar No. 95514
BENJAMIN S. BRIGGS
Florida Bar No. 113814
ERICA E. POPE
Florida Bar No. 1025079
**ADAMS AND REESE LLP**
100 North Tampa Street, Suite 4000
Tampa, Florida 33602
Tel: 813.227.5510 | Fax: 813.227.5610
Benjamin.bard@arlaw.com
Ben.briggs@arlaw.com
Erica.pope@arlaw.com
Elaine.glotz@arlaw.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th day of June, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Serena Kurtz, Esq., attorney for Plaintiff.

                                        *s/Benjamin W. Bard*
                                        Attorney