# EXHIBIT B

| | |
|---|---|
| **From:** | Benjamin Bard |
| **Sent:** | Wednesday, May 22, 2024 11:04 AM |
| **To:** | Serena M. Kurtz; Elaine Glotz; patrick@getkurtz.com; Serena Kurtz |
| **Cc:** | Benjamin Briggs; Erica Pope |
| **Subject:** | RE: Justin Nelson / Rhyno Construction |

I will call you at 1:00 p.m. tomorrow.

**From:** Serena M. Kurtz <smk@kubickidraper.com>
**Sent:** Wednesday, May 22, 2024 8:50 AM
**To:** Benjamin Bard <Benjamin.Bard@arlaw.com>; Elaine Glotz <Elaine.Glotz@arlaw.com>; patrick@getkurtz.com; Serena Kurtz <serena@getkurtz.com>
**Cc:** Benjamin Briggs <Ben.Briggs@arlaw.com>; Erica Pope <Erica.Pope@arlaw.com>
**Subject:** RE: Justin Nelson / Rhyno Construction

I won't be in the office until tomorrow.  The only time I have available is 1:00pm.

**From:** Benjamin Bard [mailto:Benjamin.Bard@arlaw.com]
**Sent:** Monday, May 20, 2024 9:25 AM
**To:** Serena M. Kurtz; Elaine Glotz; patrick@getkurtz.com; Serena Kurtz
**Cc:** Benjamin Briggs; Erica Pope
**Subject:** RE: Justin Nelson / Rhyno Construction
**Importance:** High

Serena,

Please let me know if you are available today for a call to confer on a motion to compel regarding the issues referenced in my e-mail below.

Thanks,

Ben

**From:** Benjamin Bard
**Sent:** Monday, May 13, 2024 10:55 AM
**To:** Serena M. Kurtz <smk@kubickidraper.com>; Elaine Glotz <Elaine.Glotz@arlaw.com>; patrick@getkurtz.com; Serena Kurtz <serena@getkurtz.com>
**Cc:** Benjamin Briggs <Ben.Briggs@arlaw.com>; Erica Pope <Erica.Pope@arlaw.com>
**Subject:** RE: Justin Nelson / Rhyno Construction
**Importance:** High

Serena,

Plaintiff's initial disclosures are deficient. Preliminarily, Plaintiff cannot simply list a general category of his "treating physicians." Pursuant to Rule 26(a)(1)(i), Plaintiff is required to identify each individual likely to have discoverable information that he may use to support his claims by name, as well as include such an individual's address and telephone number. Additionally, Plaintiff has failed to properly provide a "computation of each category of damages

claimed" by Plaintiff and make available the documents or other evidentiary material on which his computation is based. Stating that "a firm number has not been determined" is plainly insufficient to comply with Rule 26(a)(1)(iii). Indeed, Rule 26(a)(1)(E) states that "[a] party must make its initial disclosures based on the information then reasonably available to it [and a] party is not excused from making its disclosures because it has not fully investigated the case . . . ." Courts in this district have routinely required compliance with this rule, even when based on estimates. See Xiong v. United States, Case No: 6:22-cv-1957-RBD-LHP, 2023 WL 5672256, at *1 (M.D. Fla. Sep. 1, 2023) ("'Plaintiff is obligated to comply with Rule 26, and compute it as it stands now, bearing in a mind that a party is under a duty to supplement its response, as appropriate.'") (quoting Oliver v. City of Orlando, No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227, at *3 (M.D. Fla. Oct. 31, 2007)); see also MS Health, Inc. v. Catholic Charities, Case No. 8:20-cv-2118-VMC-AAS, 2021 WL 1338836, at *2 (M.D. Fla. April 9, 2021).

In light of the foregoing, please provide amended initial disclosures that specifically identify and provide contact information for Plaintiff's treating physicians, as well as contain a computation of damages in compliance with Rule 26(a)(1)(iii) and description of documents on which the computation is based, no later than **May 17, 2024**. If you are unwilling to do so, please let me know so that we can schedule a conferral call on a motion to compel.

Thanks,

Ben