# EXHIBIT C

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**JUSTIN NELSON,**

       **Plaintiff,**

**v.**                                    **Case No.: 5:23-cv-00595-JSM-PRL**

**RHYNO CONSTRUCTION, INC.,**

       **Defendant.**

_____/

### DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Defendant, RHYNO CONSTRUCTION, INC. ("Defendant"), pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby requests Plaintiff, JUSTIN NELSON ("Plaintiff"), serve upon the undersigned, within the time prescribed by the Federal Rules of Civil Procedure, sworn answers to each of the interrogatories hereinafter set forth.

### GENERAL INSTRUCTIONS

In answering each interrogatory, you are required not only to furnish such information as you know of your own personal knowledge, but also to furnish information which is in the possession of your attorneys, investigators, actuaries, or anyone acting on your behalf or their behalf, except to the extent that such information is privileged.  If, after exercising due diligence to secure the information, you are unable to answer in full any interrogatory or portion thereof, so state and answer to

the extent possible, specifying the reason you are unable to answer the remainder, describe your efforts to obtain the information, and state whatever information is known concerning the unanswered portion, at all times excluding any privileged information.   In the event you claim that any information called for in these interrogatories is privileged or otherwise excluded from discovery, set forth the basis for the claim of privilege or exclusion and provide sufficient information to identify the document, oral communication, or conversation claimed to be privileged or excluded.

If you object to any interrogatory and refuse to answer that part, state your objection, identify the part to which you are objecting and answer the remaining portion of the interrogatory.   If you object to the scope or time period of an interrogatory, state your objection, identify the scope or time period to which you are objecting, and answer the interrogatory for the scope or time period you believe is appropriate.   If your answer to an interrogatory is qualified in any particular way, set forth the details of such qualification.   These interrogatories are continuing in the manner provided by law.   Hence, if after service of your answer to an interrogatory, you obtain additional information responsive thereto, you shall supplement or amend your answer in accordance with the Federal Rules of Civil Procedure.

# I. DEFINITIONS

1.      As used herein, "Plaintiff," "You," or "Your" means Justin Nelson, in the action entitled <u>Justin Nelson v. Rhyno Construction, Inc.</u>, Case No. 5:23-cv-00595-JSM-PRL, as well as his representatives, agents, attorneys, and accountants; any one or group of the foregoing; or any other person acting for, on Justin Nelson's behalf, or under his authority or control.

2.      "Defendant" means Rhyno Construction, Inc.; its present or former employees, predecessors, subsidiaries, parents, affiliates, divisions; and anyone acting on its behalf.

3.      As used herein, "dates" shall include the exact day, month, and year, if ascertainable or, if not, the best approximation thereof (including relationship to other events).  Where approximate dates are used, so indicate.

4.      As used herein, the terms "document" and "documents" mean any document in your possession, custody, or control and include, but are not limited to: any written, graphic, electronically stored or created matter or information; any record of any type or description, including, but not limited to, messages, meeting minutes, records, letters, telegrams, electronic mail, voicemail, text messages, private wire messages, instant messages, chats, telephone communications, postings on any web page or any blog or site (including, but not limited to, internet home pages or services such as Facebook, LinkedIn, Snapchat, Instagram, and/or TikTok), facsimile transmissions, contracts, drafts of contracts, worksheets, notes, advice, agreements, comparisons, estimates, summaries, tabulations, press releases, memoranda, diaries

3

or journals, calendars, appointment books, agendas, schedules, telexes, cables, checks, check stubs, financial statements, affidavits or declarations; reports or opinions of consultants or counsel, accountants, or auditors, maps, diagrams, charts, illustrations, pamphlets, manuals, papers, books, transcripts or written analyses; employment materials, including, but not limited to, interoffice communications, employee evaluations, employee warning reports, disciplinary reports, or the like; reports, instructions, notes, minutes, photocopies, shipping documents, computer disks or diskettes, film, CDs or DVDs, machine-readable matters, audiotapes, videotapes, photographs, recordings, and all tangible things from which information can be processed, transcribed, or retrieved; originals and copies; any non-identical copies, whether different from the original because of any alteration, notes, comments, or other material contained thereon or attached thereto, or otherwise; wherever located, however produced or reproduced, and in whatever language; any draft of any document; and all other things on which words, figures, notations, writings, symbols, or sounds are affixed or contained in records, in writing, or by any other means, and any such material underlying, supporting, or used in the preparation thereof.

5.     "Employee" means any present or former employee of Defendant. Each verb used in these interrogatories includes both the past and present tense.

6.     "Facts" means all circumstances, events, acts, occurrences, including the dates thereof, and evidence, including hearsay, pertaining to or touching upon the time in question.

7.      (a)      "Identify" when used in reference to an individual person means to state:

(i)      his or her full name;

(ii)      whether he or she is or was an employee of Defendant and, if so, all positions he or she held with Defendant and the dates of commencement and termination, if any, of the holding of those positions;

(iii)      his or her present employer and business and home addresses, or if not known, his or her last known employer and business and home addresses;

(iv)      his or her present home and business telephone numbers, or if not known, his or her last known home and business telephone numbers.

(b)      "Identify" when used in reference to a corporation, partnership, joint venture, firm, labor organization, or other entity or organization, means state its full name and address, principal place of business, and state of incorporation or organization.

(c)      "Identify" when used in reference to a document means to state the date, title, author, addressee, recipient, type of document (e.g., letter, document, memorandum, telegram, statement, publication, note, etc.), summary of contents, and the place and address of its present location, and the name and address of its custodian. If only a portion of a document is relevant to a particular interrogatory, then a request to "identify" includes stating a sufficient description thereof to distinguish that portion from the balance of said document (e.g., by page and paragraph number).

(d)     "Identify" when used in reference to any other form of act, conduct, practice, communication, opinion, or expression (i.e., not a "document" or "documentary evidence"), means to state its nature (e.g., oral statement, activity, action, agreement not reduced to writing, etc.); the date and place thereof; the identity of each person who participated in, had any part of it, or who was present there; the subject matter and substance thereof including, without limitation, the substance of what was said by each person who participated in any oral communication, and the identity of the custodian and location of any writing that recorded, summarized, or confirmed the act, conduct, practice, communication, opinion, or expression.

(e)     "Identify," when used with respect to any law, rule, or regulation, means to provide the citation, by title, volume or book, edition, specific section or rule, and page, to the official compilation of the law, rule, or regulation being identified or, if such citation is not available, the alternative compilation, including title, volume or book, edition, section or rule, and page.

8.     "State whether" means (i) to provide a "yes" or "no" response to the inquiry, or (ii) in the event you are unable to respond to the inquiry by "yes" or "no," to set forth the reason or reasons you cannot so respond, and otherwise respond fully and accurately in accordance with the information you have in your possession, custody, or control.

9.     "Set forth" means (i) in the event the inquiry asks for specific names, numbers, dates, items, or other specific designations, to state or list such names, numbers, dates, items, or other designations, or (ii) in the event the inquiry asks for

information, other than specific names, numbers, dates, items, or other specific designations, to provide in full detail the information requested.

10.    "State the factual basis" means to set forth each and every fact, name, item of information, inference, conclusion, argument, or other thing which you contend supports, or tends to indicate the trust of, the contention, answer, or allegation that is the subject of the inquiry, and as to such fact, etc., set forth each and every source thereof and/or other basis for asserting its truth or existence, and the date of each such fact, etc., where applicable.

11.    "Expert" means one who has knowledge in a specialized field, that knowledge being obtained from either education or personal experience.

## II.  <u>INTERROGATORIES</u>

1.     Please set forth the factual basis for your claim that Defendant violated the Americans with Disabilities Act, 42 U.S.C. §§ 12111-12117, 12203 ("ADA") as alleged in your Amended Complaint.  In responding to this interrogatory, please identify each alleged act in violation of the ADA, when the act occurred, the past or present employees of Defendant involved in such alleged act, and why you believe the act to be in violation of the ADA.

2.     Do you contend that Defendant has taken an adverse employment action(s) against you?  If your answer is "yes," please set forth each and every act you contend was an adverse employment action; identify who, on behalf of Defendant, took the action; explain the reason(s) you believe such action was taken; and set forth when each adverse action allegedly was taken.

3.     Please set forth each and every act, instance of conduct, discussion, comment, statement, writing, or communication during your employment with Defendant that you contend is discriminatory, harassing, intimidating, hostile, unlawful, humiliating, and/or supports your claims of discrimination and which was made or undertaken by an individual presently or formerly employed by Defendant. In responding to this interrogatory, for each discussion, etc., identify each person present when the discussion, etc., took place and/or was received and sent, the manner of the communication, who made the communication, and the content of the discussion, etc.

4.     Please identify all similarly situated individuals who were treated differently than you.  In responding to this interrogatory, please identify the individual, the position held by the individual, his or her supervisor when the individual was employed by Defendant, how the individual was similarly situated, and how the individual was treated differently.

5.     Please identify each and every person who has, claims to have, or whom you believe may have any information or knowledge about any of the allegations in the pleadings and the facts underlying those allegations, including, but not limited to, any and all damages you claim to have suffered as a result of any act or omission by the Defendant, regardless of whether the information or knowledge supports or contradicts any of those allegations.  In responding to this interrogatory, please set forth, for each person identified, the specific knowledge or information that you believe that person possesses.

6.     Please identify any and all physicians (including medical doctors, doctors of osteopathy, chiropractors, or any other health care provider), pharmacists, hospitals, psychologists, psychiatrists, or other mental health counselors or

8

professionals, ministers, counselors, or any other person with whom you consulted or sought treatment, or whom you contacted because of any physical or mental malady, infirmity, condition, or harm which you allege to have been caused by any act or omission of Defendant or for which you otherwise contend Defendant is liable, including, but not limited to, alleged emotional distress, mental anguish, or any other injuries arising out of or relating to your allegations in this action and/or with whom you have discussed your physical, emotional, or mental condition during the past five years.  In responding to this interrogatory for each individual, please set forth the name and business address of the individual, the dates of each contact, and the reason you contacted or met with the individual.

7.    Please identify any statement(s) made by any individual regarding the subject matter of this litigation that you contend constitutes a declaration against interest or an admission by Defendant.  In answering this question, please identify the person who made the statement, the substance of the statement, when the statement was made, and the name of any witnesses to the statement.

8.    With as much specificity as possible, please set forth all of your injuries and the exact amount of damages that you claim, whether as an affirmative claim or as a setoff, and include in your answer: the count in your Complaint to which the item of damages relates; a statement of the elements of each claim of money damages and the amount being sought with respect to each such element; the category into which each item of damages falls, i.e., general damages, special or consequential damages (such as lost profits), interest, and any other relevant categories; the monetary value placed on each category of damage; the factual basis for each item of damages; and an explanation of how you computed each item of damages, including any mathematical formula used.

9.    Please identify all efforts you have made to obtain employment (including with Defendant) from the date your employment with Defendant was terminated through the present date.  For each job you have held during that period, please set forth the name of your employer, the employer's address, the employer's telephone number, the title of the position, the duties of the position, your supervisor's name, your wage or salary rate, the total amount of wages or salary earned, and, if you no longer work for that employer, the reason for your separation from employment.  For each position you unsuccessfully sought or declined employment, please state the dates of contact between you and that entity regarding potential employment, the method of contact between you and that entity (i.e., e-mail, telephone, United States mail, in person),whether a written or electronic application or resume was completed or submitted by you to such entity, whether any offer of employment was made to you by such entity, and whether, if an offer was made and declined, the reason for declining such offer.

10.     From the date your employment with Defendant was terminated to the present, have you received any income from alternate employment, self-employment, or from sources other than employment?  If so, please list the following:

    a.   The name, address, and phone number of every source from which you received income, compensation, gifts, benefits, or other things of value (if the source is an entity other than a single individual, please provide the name of your principal contact at that entity);

    b.   The total monetary value of the income, compensation, gifts, benefits, or other things of value that you received from each source during the specified year (please state this figure as a gross amount, *i.e.,* without adjustment for taxes or other deductions);

    c.   The nature of the income, compensation, gifts, benefits, or other things of value that you received from each source (*i.e.,* wages, income from self-employment, gift, etc.); and

    d.   The dates on which amounts were received from each such source (if multiple payments were made on a regular basis, specify the beginning and ending dates of the period, the frequency with which payments were received, *i.e.*, monthly, weekly, every two weeks, and any irregularities in the payment cycle).

11.     Please identify each and every time from the date of the accident referenced in paragraph 8 of the Amended Complaint to the present, in which you applied for workers' compensation benefits; disability benefits, including social security disability benefits; and unemployment benefits.  For each application, list the date of the application, who to whom you submitted the application, and the outcome of the application.

12.     Please set forth the name and address of each and every expert who has been retained or specifically employed by you in anticipation of litigation or preparation for trial or who you intend to offer for opinion testimony at trial.  With regard to each expert or professional identified, please state the subject on which the individual would testify, if called to trial, and whether a written report has been prepared by such individual.  If a written report has been prepared, please provide the date of such report; and the name and address of the person having possession, custody, or control of such report; and the name of the person to whom such report was written.

13.     Please identify each personal website or social networking internet site you have used or maintained since August 1, 2021, including, but not limited to, each

and every account on Facebook, Twitter, LinkedIn, Instagram, Snapchat, and/or Tiktok.

14.     Please identify each e-mail address and telephone number used by you during the period of August 1, 2021, to the present.  In responding to this interrogatory, please state each e-mail address and telephone number, the starting and ending dates you used each telephone number or e-mail address, the subscriber or individuals associated with the telephone number or e-mail address (if other than you), and the name of the provider, service, or company who provided, hosted, or maintained the telephone number or e-mail address.

15.     Please identify each and every individual (other than an attorney) with whom you have discussed your employment by Defendant, including, but not limited to, any alleged request for a leave of absence, any disciplinary action, your performance while employed by Defendant,  the termination of your employment, any injuries and/or damages allegedly suffered by you for which you are seeking compensation in this action, or your attempts to obtain employment after your termination.  In responding to this interrogatory, for each individual identified, please provide his or her address and telephone number; the subject matter of the communication, discussion, or conversation; the date or dates when the conversation occurred; and any witnesses to the conversation.

16.     State whether, in the last ten (10) years, you have ever filed or been a party or witness to any civil, criminal, or administrative lawsuit, internal company investigation, or other proceeding (excluding the instant action), any bankruptcy proceeding, small claims proceeding, charge of discrimination, administrative or agency complaint, or other proceeding resolved in mediation and/or arbitration or by any kind of pretrial intervention program or deferred prosecution agreement.  If so, identify, as to each, when the suit, complaint, or charge was filed or investigation or proceeding initiated; the name and address of your attorney, if any; the names and addresses of all the parties thereto; the subject matter of the proceeding; and the result, outcome, verdict, sentence, or terms of any agreement of each such suit or proceeding.

17.     Please identify each and every person who answered any or all of these interrogatories, provided information for any answer, provided advice, or in any other way took part in the preparation of these answers, describing for each person so identified, what part he or she performed in the answering of these interrogatories.

DATED this 24th day of April, 2024.

Respectfully submitted,

*/s/ Benjamin W. Bard*
Benjamin W. Bard
Florida Bar No. 95514
Benjamin S. Briggs
Florida Bar No. 113814
Erica E. Pope
Florida Bar No. 1025079
**ADAMS AND REESE LLP**
100 N. Tampa Street, Suite 4000
Tampa, Florida 33602
Tel: (813) 402-2880 / Fax: (813) 402-2887
Benjamin.bard@arlaw.com
Ben.briggs@arlaw.com
Erica.pope@arlaw.com
Elaine.glotz@arlaw.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of April, 2024, the foregoing was

served by e-mail to the following: Serena M. Kurtz, Esq., Counsel for Plaintiff.

*/s/ Benjamin W. Bard*
Attorney

## **VERIFICATION**

I, JUSTIN NELSON, hereby attest that the answers to the foregoing interrogatories are true and correct.

_____

AFFIANT

STATE OF FLORIDA

COUNTY OF _____

I HEREBY CERTIFY that on this day personally appeared before me, an officer duly authorized to administer oaths and take acknowledgments, JUSTIN NELSON, to me well known to be the person described in and who executed the foregoing interrogatories [OR] who has produced _____ as identification, and he acknowledged before me that he executed the same freely and voluntarily for the purposes therein expressed, and who did [did not] take an oath.

WITNESS my hand and seal on this _____ day of _____, 2024.

(SEAL)

_____

NOTARY PUBLIC