# EXHIBIT D

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JUSTIN NELSON,**

      **Plaintiff,**

v.                                              Case No.: 5:23-cv-00595-JSM-PRL

**RHYNO CONSTRUCTION, INC.,**

      **Defendant.**

_____/

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF**

Defendant, RHYNO CONSTRUCTION, INC. ("Defendant"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby requests Plaintiff, JUSTIN NELSON ("Plaintiff"), produce the following documents in the manner specified below and within the time period prescribed by the Federal Rules of Civil Procedure.

**GENERAL INSTRUCTIONS**

1.    If any document, or any portion of a document, is withheld on the grounds of privilege, please indicate the author, date, recipient, and general subject matter of the document, together with the basis on which the privilege is asserted, in lieu of producing the document or the allegedly privileged portion of the document.

2. If any of the documents cannot be produced in full, produce the documents to the extent possible and specify the reasons for the inability to produce the remainder.

3. This document request is a continuing one. If, after producing documents, Plaintiff obtains or becomes aware of any further documents responsive to this request, he is hereby requested to produce such additional documents.

## I. DEFINITIONS

1. As used herein, "Plaintiff," "You," or "Your" means Justin Nelson, in the action entitled <u>Justin Nelson v. Rhyno Construction, Inc.</u>, Case No. 5:23-cv-00595-JSM-PRL, as well as his representatives, agents, attorneys, and accountants; any one or group of the foregoing; or any other person acting for, on Justin Nelson's behalf, or under his authority or control.

2. "Defendant" means Rhyno Construction, Inc.; its present or former employees, predecessors, subsidiaries, parents, affiliates, divisions; and anyone acting on its behalf.

3. As used herein, the terms "document" and "documents" means any document in your possession, custody, or control and includes, but is not limited to: any written, graphic, electronically stored or created matter or information; any record of any type or description, including, but not limited to, messages, meeting minutes, records, letters, telegrams, electronic mail, voicemail, text messages, private wire messages, instant messages, chats, telephone communications, postings on any web page or any blog or site (including, but not limited to, internet home pages or services

2

such as Facebook, LinkedIn, Snapchat, Instagram, and or TikTok), facsimile transmissions, contracts, drafts of contracts, worksheets, notes, advice, agreements, comparisons, estimates, summaries, tabulations, press releases, memoranda, diaries or journals, calendars, appointment books, agendas, schedules, telexes, cables, checks, check stubs, financial statements, affidavits or declarations; reports or opinions of consultants or counsel, accountants, or auditors, maps, diagrams, charts, illustrations, pamphlets, manuals, papers, books, transcripts or written analyses; employment materials, including, but not limited to, interoffice communications, employee evaluations, employee warning reports, disciplinary reports, or the like; reports, instructions, notes, minutes, photocopies, shipping documents, computer disks or diskettes, film, CDs or DVDs, machine-readable matters, audiotapes, videotapes, photographs, recordings, and all tangible things from which information can be processed, transcribed, or retrieved; originals and copies; any non-identical copies, whether different from the original because of any alteration, notes, comments, or other material contained thereon or attached thereto, or otherwise; wherever located, however produced or reproduced, and in whatever language; any draft of any document; and all other things on which words, figures, notations, writings, symbols, or sounds are affixed or contained in records, in writing, or by any other means, and any such material underlying, supporting, or used in the preparation thereof.

    4. "Communication" means any written or oral transmission or conveyance of information, including, but not limited to, telephone conversations and meetings, letters, facsimiles, text messages, voicemail messages, telegraphic

communications, electronic mail, telex communications, or any type of messages or messaging using the internet or cellular communications.

5. "Or" and "and" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any information otherwise discoverable that might be construed to be outside of their scope.

6. For any other term not specifically defined, Defendant incorporates the dictionary definition of that term found in Black's Law Dictionary (9th ed. 2009). If the term is not contained therein, Defendant incorporates the dictionary definition of that term found in the Oxford English Dictionary.

## II.  THE DOCUMENTS TO BE PRODUCED

1. The documents that support, contradict, or relate in any manner to the allegations in your Amended Complaint (Dkt. No. 18; Amended Complaint) or the facts underlying your allegations, including, but not limited to, any witness statements, affidavits, declarations, notes, recordings, or other documents prepared by you.

2. The documents that support or contradict any of the defenses raised by Defendant in response to the claims made in your Amended Complaint.

3. The documents used, consulted, reviewed, referenced, referred to, identified, or otherwise mentioned in your Amended Complaint

4. The documents showing that you were subjected to discriminatory or otherwise improper, unfair, offensive, or unlawful treatment, as alleged in your Amended Complaint.

5. The documents reflecting correspondence or communications that you have sent to or received from Defendant or any employee (present or former) or purported representative of Defendant relating to your Amended Complaint or the facts underlying those claims, including, but not limited to, e-mails, text messages, and social media postings or direct messages.

6. The documents reflecting statements made by Defendant or any of its employees (present or former) or purported representatives relating to the allegations in your Amended Complaint or the facts underlying those allegations.

7. The documents reflecting conversations you have had with Defendant or its employees (present or former) or purported representatives relating to the allegations in your Amended Complaint or the facts underlying those claims.

8. The documents that show Defendant took an adverse employment action against you.

9. The documents that show your treatment by Defendant to have been motivated by an unlawful or improper reason.

10. The documents that show similarly situated individuals were treated differently than you.

11. All documents identifying any witnesses to the alleged discriminatory or otherwise improper or unlawful treatment on the part of Defendant and/or its employees.

12. The documents that show that you were subjected to a hostile work environment as alleged in your Amended Complaint.

13. The documents that show that you are a qualified individual with a disability.

14. The documents that show that you were a qualified individual with a disability during your employment with Defendant.

15. The documents that show you requested an accommodation for a disability as alleged in your Amended Complaint.

16. The documents that show Defendant retaliated against you as alleged in the Amended Complaint.

17. The documents that support your claim that you "suffered a disabling injury as a result of the [November 5, 2022] accident," as alleged in paragraphs 8 and 22 of your Amended Complaint.

18. The documents that support your claim that you are "disabled under the definition provided in the Americans with Disabilities Act of 1990," as alleged in paragraph 9 of your Amended Complaint.

19. The documents that support your claim that you "requested a reasonable accommodation from [Defendant] due to [your] disabling injury," as alleged in paragraph 13 of your Amended Complaint.

20. The documents that support your claim that you were "retaliated against for [your] disability when [you] were terminated from [your] position" as alleged in paragraph 17 of your Amended Complaint.

21. The documents that support your claim that you were "harassed due to [your] membership in the protected class when [you] were subjected to derogatory comments, having items in the workplace thrown at [you] and when [you were] terminated from [your] position," as alleged in paragraph 27 of your Amended Complaint.

22. The documents that support your claim that "Defendant is responsible for the hostile work environment that [you] suffered due to Defendant's knowledge and/or acceptance of the actions taken by its officers and employees," as alleged in paragraph 29 of your Amended Complaint.

23. The documents that support your claim that "[t]he harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment as the harassment took place with regular consistency, the harassment involved numerous activities that

6

        could humiliate [you] and it regularly inhibited [you] from being able to complete [your] job duties," as alleged in paragraph 30 of your Amended Complaint.

24. The documents that support your claim that "[your] reasonable accommodation was denied for no reason," as alleged in paragraph 35 of your Amended Complaint.

25. The documents that support your claim that "[your] reasonable accommodation was denied because [your] employer was discriminating against [you] for [your] disability," as alleged in paragraph 37 of your Amended Complaint

26. The documents that support your allegation that Defendant violated the Americans with Disabilities Act ("ADA and "ADAA"), as alleged in your Amended Complaint.

27. Copies of the e-mail or text messages relating to the allegations made in your Amended Complaint or the facts underlying those allegations.

28. All blog entries, postings, communications, screen shots, and/or page information posted by you or on your behalf from August 1, 2021 to the present, on any social networking sites or websites, including, but not limited to, Facebook, LinkedIn, Snapchat, Instagram, and or TikTok, or other social networking site web pages related to or regarding you.

29. Copies of the Facebook, LinkedIn, Snapchat, Instagram, and or TikTok, or other social networking site web pages related to or regarding you, including, but not limited to, a complete copy of your profile as well as the data showing your connections or "friends," during the period of August 1, 2021, to the present.

30. Copies of any communication or correspondence to deactivate a social network service, subscription, or account from August 1, 2021, to the present.

31. Copies of telephone records, including call detail, for any cell phone used by you from November 1, 2022, to the present.

32. The documents relating to or establishing your injuries as alleged in your Amended Complaint.

33. The documents that purport to show the nature, type, and/or amount of damages, if any, you have allegedly sustained as a result of the allegations in your Amended Complaint.

34. If you are seeking compensation for medical expenses in this action, please produce the documents establishing those medical expenses.

35. All federal, state, and local tax returns for the tax years, 2020, 2021, 2022, and 2023, including all supporting schedules, worksheets, forms (including W-2 and/or 1099 forms), or any other document submitted or used to prepare your tax return.

36. The documents reflecting any income you received from January 25, 2022, to the present.

37. The documents that chronicle, reflect, or relate to your attempts to secure employment or the employment actually obtained (including with Defendant) from the date your employment with Defendant was terminated, to the present, including, but not limited to, all nonduplicate copies of your resume as well as any documents that you have prepared, received, transmitted, or relied on as part of your search for employment.

38. Copies of all academic diplomas, transcripts, or certifications you have received.

39. The documents, including, but not limited to, any personal notes, recordings, videotapes, diaries, journals, calendars, chronology, or any other written documents, reflecting your impressions about your employment with or the conditions at Defendant or conversations with any current or former employee of Defendant regarding or in any way relating to your allegations and/or beliefs that Defendant violated the ADA; your injuries and the damages claimed in this action; and/or the allegations in your Amended Complaint or the facts underlying these allegations.

40. The photographs, videotapes, maps, diagrams, or surveys relating to the allegations in the Amended Complaint or the facts underlying those allegations.

41. The documents created, maintained, or routinely kept by Defendant that you possess, specifically including, but not limited to, employment policies, attendance records, e-mail messages, job descriptions, and/or training records.

42. Copies of all charges or complaints, including, but not limited to, internal complaints with any employer or charges with any agency, you have filed against any employer (excluding Defendant).

43. Copies of all charges or complaints, including, but not limited to, internal complaints or charges with any agency, you have filed against Defendant.

44. The documents that you have sent to or received from a federal, state, or county administrative agency, including, but not limited to, the United States Equal Employment Opportunity Commission, Social Security Administration, the Florida Commission on Human Relations, the Agency for Workforce Innovation, the United States Department of Labor, or the Florida Department of Labor and Security.

45. The documents that relate to any court or administrative proceeding (threatened or actual) to which you have been a party, witness, or otherwise involved (other than the instant action), including, but not limited to, any affidavits, declarations, and/or transcripts of depositions or testimony you gave in any such proceeding.

46. The medical records, including, but not limited to, any correspondence, all documents that reflect expenses incurred by you for treatment, diagnosis, or consultation and records of the physicians (including medical doctors, doctors of osteopathy, chiropractors, or any other health care provider), pharmacists, hospitals, psychologists, psychiatrists, or other mental health counselors or professionals, ministers, counselors, or any other person with whom you consulted, from whom you sought treatment, or whom you contacted because of any physical or mental malady, infirmity, condition, or harm which you allege to have been caused by any act or omission of Defendant that relates to your alleged serious health condition or for which you otherwise contend Defendant is liable, including alleged emotional distress, mental anguish, or any other injuries arising out of or relating to the allegations in your Amended Complaint, or with whom you have discussed your physical, emotional, or mental condition during the past five years.

47. The documents used, consulted, reviewed, referred to, identified, or otherwise mentioned in responding to Defendant's First Set of Interrogatories to Plaintiff.

48. The documents that support or contradict your responses to Defendant's First Set of Interrogatories to Plaintiff.

49. The documents used, consulted, reviewed, referred to, identified, or otherwise mentioned in your disclosures made pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.

50. The documents reflecting or relating to communications or correspondence with any of the individuals identified in your disclosures made pursuant to Rule 26(a) or with individuals identified in response to Defendant's First Set of Interrogatories, including, but not limited to, any witness statements, affidavits, declarations, letters, e-mail, voice, or text messages, postings, or other

9

statements made by any individual with knowledge of your claims or the facts underlying those claims.

51. The documents supplied to or used by any expert you retained for purposes of this lawsuit.

52. The documents that reflect your agreement to compensate your attorney in this case.

53. The documents you intend to use, or may otherwise rely on, at any deposition, hearing, pretrial proceeding, or the trial or in response to, or in support of, a motion for summary judgment.

## MANNER OF COMPLIANCE WITH RULES

In compliance with Rule 34 of the Federal Rules of Civil Procedure, Defendant hereby designates a reasonable time, place, and manner of making the requested documents available for inspection as follows:

Date and time: Thirty (30) days from the certificate of service.

Place: The offices of Adams and Reese LLP, 100 N. Tampa Street, Tampa, Florida 33602, or any other place that the parties can mutually agree upon.

Manner of Making Inspection: Originals, drafts, and non-identical copies as well as electronically stored information in native format of all the requested documents shall be produced for inspection by Defendant's counsel at the time and place specified above, or Plaintiff may provide true and accurate copies of all items requested by United States Mail.

DATED this 24th day of April, 2024.

Respectfully submitted,

*/s/ Benjamin W. Bard*
Benjamin W. Bard
Florida Bar No. 95514
Benjamin S. Briggs
Florida Bar No. 113814
Erica E. Pope
Florida Bar No. 1025079
**ADAMS AND REESE LLP**
100 N. Tampa Street, Suite 4000
Tampa, Florida 33602
Tel: (813) 402-2880 / Fax: (813) 402-2887
Benjamin.bard@arlaw.com
Ben.briggs@arlaw.com
Erica.pope@arlaw.com
Elaine.glotz@arlaw.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 24th day of April, 2024, the foregoing was served by e-mail to the following: Serena M. Kurtz, Esq., Counsel for Plaintiff.

*/s/ Benjamin W. Bard*
Attorney

11